UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| RICHARD SLUSHER, D.O., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:12-cv-00060 |
| ) | |
| SHELBYVILLE HOSPITAL CORPORATION ) | |
| d/b/a HERITAGE MEDICAL CENTER and ) | |
| DAN BUCKNER, individually, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Shelbyville Hospital Corporation d/b/a Heritage Medical Center ("HMC") and Dan Buckner ("Mr. Buckner") (collectively, "Defendants") hereby file their Reply to Plaintiff's Response (ECF No. 32) in Further Support of Defendants' Motion for Summary Judgment.

**I. INTRODUCTION**

Plaintiff's misguided and confusing Response cannot change the fact that Defendants' Motion for Summary Judgment should be granted because there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law. As established below, Defendants' Motion should be granted because Defendants were not required to reemploy Plaintiff under USERRA § 4312 given the brief, nonrecurrent nature of his employment. But even if they were, Defendants promptly reemployed him and he received the same compensation, benefits, and performed the same duties as prior to his deployment. Further, Plaintiff is not asserting a §4316(c) claim, but even if he were, Defendants did not violate this section because he was not entitled to be reemployed under USERRA and he was not discharged. Moreover,

Plaintiff has abandoned his USERRA § 4311 discrimination claim by failing to address it in response to Defendants' Motion, and Plaintiff cannot rewrite his Complaint through his Response to assert a new theory. Finally, Plaintiff's breach of contract claim fails because HMC did not breach the contract as the Termination Agreement mutually ended the Agreement and/or the Termination Agreement provided Plaintiff with the required 90-days notice.

## II. ARGUMENT

### A. HMC Had No Obligation To Reemploy Plaintiff Under USERRA

Despite Plaintiff's frivolous argument and misleading statements, Defendants have carried their burden that they were not required to reemploy Plaintiff under USERRA because, at the time of his deployment, his employment was for a brief, nonrecurring period and he had no reasonable expectation that his employment would continue indefinitely or for a significant period. *See* 38 U.S.C. § 4312(d)(1)(C).

#### 1. As Plaintiff Conceded, Defendants Pled Affirmative Defense in Answer

Plaintiff attempts to escape from this roadblock by throwing up a frivolous argument. In Plaintiff's Response, Plaintiff disingenuously claims that Defendants did not raise the above affirmative defense "in their first responsive pleading" or "in any responsive pleading" in violation of Federal Rule of Civil Procedure 8(c). (Pl.'s Resp. at 12.) Plaintiff is just plain wrong because he clearly was on notice that Defendants raised this affirmative defense.

"The purpose of Rule 8(c) of the Federal Rules of Civil Procedure is to give the opposing party notice of the affirmative defense and a chance to respond." *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). There is no waiver under Federal Rule of Civil Procedure 8(c) "when the plaintiff receives notice of the affirmative defense." *See Cumberland Trust and Inv. Co. v.*

*Genesis Learning Cntrs.*, No. 3:07-0799, 2010 WL 2265696, at *4 (M.D. Tenn. June 3, 2010) (citing *Seals v. General Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008));

In Defendants' Answer, their first responsive pleading, Defendants raised the following affirmative defense: "<u>No re-employment right or benefit applied to the one-year, nonrecurring Employment Agreement, the remaining portion of the term of that Employment Agreement (when Plaintiff was deployed), or to the mutually agreed upon reduced term of employment as set out in the Termination Agreement.</u>"  (Defs.' Answer, Additional Affirmative Defense, ¶ 9 (ECF No. 7, p. 12).)  Clearly, Defendants gave Plaintiff notice it was asserting the applicable affirmative defense.

Furthermore, there can be no doubt that Plaintiff received notice of the affirmative defense as required by Federal Rule of Civil Procedure 8(c).  This is because, <u>in Plaintiff's own Memorandum in Support of His Motion for Summary Judgment, Plaintiff admitted twice that Defendants pled this affirmative defense</u>.  On page 12 of Plaintiff's Memorandum, Plaintiff stated as follows:

> USERRA allows only three (3) statutory affirmative defenses to a veteran's reemployment rights.  20 C.F.R. § 1002.139.  As with all affirmative defenses, they must be pled and proven by the Defendants.  Fed. R. Civ. P. 8(c).  **<u>Defendants pled only one (1) of these statutory affirmative defenses in their affirmative defense number 9.</u>**

(Pl.'s Mem. at 12) (emphasis added.)  Affirmative defense no. 9 is the affirmative defense applicable here.

Later on that same page, Plaintiff also stated that that "**[i]n order for the affirmative defense <u>pled</u> by Defendants to apply**, not only would the veteran's employment have to have been brief, there could be 'no reasonable expectation that employment would continue . . . for a significant period."  (Pl.'s Mem. at 12) (emphasis added.)  This shows beyond a doubt Plaintiff

received notice Defendants were raising the affirmative defense. Given these facts, Plaintiff's last minute waiver argument is frivolous.

> 2. Plaintiff's Employment Was for Brief, Nonrecurrent Period with No Reasonable Expectation That Employment Would Continue Indefinitely or for Significant Period

Defendants have carried their burden to show this affirmative defense applies. (Defs.' Mem. of Law in Supp. of Mot. for Summ. J., pp. 9-14) (ECF No. 25.) At the time of Plaintiff's deployment in June 2011, his employment was for a brief, nonrecurrent period of time because at most it would last for eight (8) months until February 2012 and could be terminated before then for any reason by either party upon 90-days written notice. (Pl. Dep. Ex. 5, § 10.4.) Such a limited employment term is neither indefinite or a significant period (Plaintiff's salary has no bearing on this issue). Further, Plaintiff could not have had a <u>reasonable</u> expectation of continued employment indefinitely or for a significant period because he knew HMC was recruiting Dr. Mosley to become the "permanent" orthopedic surgeon before he was deployed and he also knew that once HMC and Dr. Mosley came to terms, his Agreement would end because patient demand did not support two orthopedic surgeons. (Pl. Dep. 70-72, 116, Ex. 12-2, 12-4, 12-5; Buckner Dep. 51-56, 61-63.) Plaintiff's military deployment played no part in this chain of events as the exact same scenario would have occurred if Plaintiff had not been deployed. Therefore, this statutory exemption to § 4312 applies. *See U.S. of Am. v. Nevada*, 817 F. Supp. 2d 1230, 1245 (D. Nev. 2011) (finding that this exemption "is essentially directed at determining whether the service member should not be entitled to reemployment upon his return from service <u>because his reemployment would have terminated even if he had not left for military service</u>") (emphasis added).

In reply to Plaintiff's Response concerning this affirmative defense, Plaintiff claims that "[w]hile Slusher knew that Defendants were looking for another orthopedic surgeon, there was no certainty if or when that might occur." (Pl.'s Mem. at 5.) For this affirmative defense to apply, however, "certainty" is not required. Rather, Plaintiff must not have had a "reasonable expectation" at the time of his deployment of indefinite or continued employment for a significant period. Thus, as it relates to the search for a "permanent" surgeon, Plaintiff knew HMC was actively recruiting another orthopedic surgeon after he signed the Agreement, knew HMC had entered into a Recruitment Agreement with Dr. Mosley before his deployment, and knew that once HMC came to terms with Dr. Mosley, his Agreement would be terminated based on the 90-day notice provision. (Pl. Dep. 70-72, 116, Ex. 5, 12-2, 12-4, 12-5; Buckner Dep. 51-56, 61-63.)

Plaintiff also claims that "there is no evidence in this record of when Dr. Mosley actually entered into an agreement with Defendant HMC." (Pl.'s Resp. at 5.) To the contrary, Mr. Buckner testified in his deposition that Dr. Mosley signed an Agreement with HMC in August 2011, and Dr. Mosley's Recruitment Agreement, which was signed on May 16, 2011, states that his employment would begin on or before August 1, 2011. (Buckner Dep. 64, Ex. 19.) Therefore, there is evidence in the record of when Dr. Mosley entered into his Agreement with HMC.

Plaintiff's misguided arguments continue later in his Response. On page 14, Plaintiff implies that the exception does not apply because Defendants transitioned Plaintiff from l*ocum tenens* work to the one-year Agreement. (Pl.'s Resp. at 14.) Plaintiff neglects to mention that Plaintiff rejected HMC's offer to become its permanent orthopedic surgeon and, as a result, HMC specifically negotiated the 90-day no fault termination provision because it was going to continue

to recruit a permanent orthopedic surgeon and once it came to terms with that surgeon, it needed to terminate Plaintiff's Agreement because patient demand would not support two surgeons. (Pl. Dep. 37-38; Buckner Dep. 27-29, 51-56, 61-63.) Further, the fact that Plaintiff never moved his family to Tennessee and applied for a Virginia license is additional evidence that Plaintiff had no reasonable expectation of staying at HMC indefinitely or for a significant period. (Pl. Dep. 33-34, 38, 118-119.) Therefore, the affirmative defense at issue applies here.

### B. Even If Affirmative Defense Does Not Apply, Defendants Fulfilled All of Their USERRA Reemployment Obligations Under §§ 4312 and 4313

Even if this Court decides Defendants' affirmative defense does not apply, Defendants' Motion for Summary Judgment should still be granted because Defendants fulfilled their reemployment obligations under USERRA §§ 4312 and 4313.

Contrary to Plaintiff's arguments, §§ 4312 and 4313 do not guarantee a service member employment for a specific period of time. USERRA § 4312 applies only at the "instant" of reemployment, *Petty v. Metro. Gov't of Nashville-Davidson Cnty.*, 538 F.3d 431, 439-40 (6th Cir. 2008), and "only entitles a service person to immediate reemployment and does not prevent the employer from terminating him the next day or even later the same day." *Hart v. Family Dental Group, PC*, 645 F.3d 561, 563 (2nd Cir. 2011) (quoting *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 304 (4th Cir. 2006)); *Hanson v. Cnty. of Kitsap*, No. 13-3588 RJB, 2014 U.S. Dist. LEXIS 70669, at *34 (W.D. Wash. May 22, 2014) ("Because §§ 4312 and 4313 only provide immediate protection, Plaintiff has not shown that his removal from the rotation several months after reemployment constitutes a violation of §§ 4312 or 4313."). Plaintiff's Response offers no rejoinder to this well-established caselaw.

In compliance with USERRA §§ 4312 and 4313, Defendants promptly reemployed Plaintiff on October 3, 2011, which was the day Plaintiff told Defendants he was coming back to

work. (Pl. Dep. 95-96, Ex. 12.17; Buckner Dep. 69.) By Plaintiff's own admission, after he was reemployed, he was paid the same compensation, received the same benefits, and performed the same duties that he performed before his deployment. (Pl. Dep. 95-96; Buckner Dep. 139.) Accordingly, Defendants are entitled to summary judgment on Plaintiff's USERRA §§ 4312 and 4313 claims.

### C. Plaintiff Admitted He Was Not Alleging Defendants Violated § 4316(c)

In Plaintiff's Response, Plaintiff claims that "Defendants violated USERRA § 4316(c)" and argue that Plaintiff was entitled to 180 days of reemployment. (Pl.'s Resp. at 15-16.) This argument, however, is directly contrary to the position that Plaintiff took in his Memorandum in support of his Motion for Summary Judgment. In that Memorandum, Plaintiff did not claim Defendants violated § 4316(c). (*See generally*, Pl.'s Mem. (ECF No. 27).) Plaintiff stated that "[i]t is even arguable" that Defendants could not have terminated Dr. Slusher's employment for 180 days after his return to work but he was not seeking that. (*Id.* at 12.) Because Plaintiff did not claim Defendants violated § 4316(c), he cannot now argue in response to Defendants' Motion for Summary Judgment, that Defendants did violate § 4316(c).

### D. Even If Plaintiff Asserted a § 4316(c) Claim, Defendants Did Not Violate It

Even if the Court accepts Plaintiff's flip-flop and considers a § 4316(c) claim, Defendants did not violate this provision because Defendants were not required to reemploy Plaintiff under USERRA and even if they were, HMC did not discharge him. As set forth in Defendants' Memorandum in Support of their Motion, § 4316(c) only applies if Plaintiff was required to be reemployed under § 4312. *See* 38 U.S.C. § 4316(c) ("A person who is reemployed by an employer under this chapter . . . ."); *Duarte v. Agilent Techs., Inc.*, 366 F. Supp. 2d 1039, 1046 (D. Col. 2005) ("Section 4316(c)(1) . . . provides that members of the armed services or reserves who are reemployed under Section 4312 . . . ."); (Defs.' Mem. at 10-11.)

As set forth above, Defendants were not required to reemploy Plaintiff under § 4312 because the employment from which Plaintiff left was for a brief, nonrecurrent period and there was no reasonable expectation of indefinite or continued employment for a significant period. 38 U.S.C. § 4312(d)(1)(C). Therefore, § 4316(c) is not even applicable.

If the Court finds the affirmative defense does not apply, Defendants' Motion for Summary Judgment should still be granted because Plaintiff was not discharged. *Id.* § 4316(c) (requiring discharge for provision to be applicable). Plaintiff voluntarily agreed to "mutually terminate" his Agreement with HMC, effective October 26, 2011, by signing the Termination Agreement.[1] (Pl. Dep. Ex. 11.)

This Termination Agreement was supported by new consideration not previously offered to Plaintiff in the Agreement. (Pl.'s Mem. at 16-18 (ECF No. 25).) In Plaintiff's Response, Plaintiff claims that the Termination Agreement was not supported by consideration because of the preexisting duty rule. (Pl.'s Resp. at 10.) Plaintiff is wrong, however, because the Termination Agreement provided Plaintiff with new consideration through an affirmative promise to purchase tail coverage for Plaintiff (the original Agreement did not guarantee tail coverage). (Pl. Dep. Ex. 11; *cf.* with Pl. Dep. Ex. 5, § 9.1.) Further, the Termination Agreement provided Plaintiff with new consideration through an expanded indemnification provision in which HMC promised to "indemnify, hold harmless, and defend each other from and against any and all claims, suits, judgements (*sic*), including reasonable attorney's fees and litigation expenses, including any based upon or arising out of the Agreement, and/or this Termination."

---

[1] When Plaintiff returned the signed Termination Agreement via email, he stated "thanks for everything and nice working with u, hope it all works out there, i am sure that it will. Cheers." (Pl.'s Dep. 12-10.) This further shows that Plaintiff considered the Termination Agreement to be a mutual separation because of the very amicable tone of his e-mail.

(Pl. Dep. Ex. 11.) Nowhere in Plaintiff's Agreement is this indemnification promised. The only indemnification that was potentially an option in the Agreement concerned third-party professional liability claims in Section 9.1, not claims concerning the Agreement and the Termination Agreement or the payment of reasonable attorney's fees and litigation expenses to Plaintiff as was promised in the Termination Agreement.

Under Tennessee law, "[a] contract signed by the party sought to be bound <u>creates a presumption that the contract was supported by consideration</u>, and the burden to overcome this presumption is on the party asserting a lack of consideration." *See Regions Bank v. Bric Constructors, LLC*, 380 S.W.3d 740, 761 (Tenn. Ct. App. 2011) (emphasis added). As set forth above and contrary to Plaintiff's Response, Plaintiff cannot overcome this presumption.

Finally, Plaintiff claims that the lay opinion of Mr. Buckner, a non-lawyer who did not draft the Termination Agreement and was not a party to it, is a "binding, party opponent admission that no consideration was provided to Slusher." (Pl.'s Resp. at 10.) Mr. Buckner's lay opinion is irrelevant. If the relevant contract terms are plain and unambiguous, as is the Termination Agreement in this case, then determining if the contract has sufficient consideration is a question of law and not of fact. *Bratton v. Bratton*, 136 S.W.3d 595, 601 (Tenn. 2004). To answer this question of law, "it is the Court's function to interpret the contract as written according to its plain terms." *Id*. Accordingly, Mr. Buckner's lay opinion is irrelevant in answering the legal question of whether the Termination Agreement had sufficient consideration and is not a party admission.

    1. <u>Plaintiff's Response Provides No Caselaw Showing that a Plaintiff Who Is Not Discharged Can Still Maintain a § 4316(c) Claim</u>

Plaintiff's Response provides no support for the notion that a plaintiff who is not discharged can still maintain a § 4316(c) claim. The closest Plaintiff comes is through a misleading statement that "[e]ven a resignation from a reemployment can be a discharge within §

4316(c)," citing *Reed v. City of Charleston*, 2012 WL 1902260, at *7 (D.S.C. 2012). (Pl.'s Resp. at 16.) That case concerned a "constructive discharge," which occurred "if an employer deliberately makes the working conditions of the employee intolerable in an effort to induce the employee to quit." *Reed*, 2012 WL 1902260, at *7. The case at bar is of course not a constructive discharge case. Rather, this case concerns Plaintiff and HMC agreeing to "mutually terminate" the Agreement. That is not a discharge, and *Reed* is inapplicable.

### 2. Plaintiff's Judicial Binding Admission Argument Is Bogus

In Plaintiff's Response, Plaintiff erroneously claims that Defendants somehow made a "judicial binding admission" that Plaintiff was entitled to 180 days of reemployment. (Pl.'s Resp. at 16.) Specifically, Plaintiff claims as follows:

> Since Defendants admit that Slusher satisfied the four (4) prerequisites of § 4312 and Defendants failed to plead or, in the alternative to prove, as is the burden of Defendants who plead any affirmative defense, Defendants have made a judicial binding admission to this Court that Slusher was entitled to 180 days of reemployment (October 4, 2011 – April 1, 2012).

(Pl.'s Resp. at 16.) In other words, Plaintiff is arguing that if the Court does not agree with the legal arguments Defendants are making, then Defendants have made judicially-binding admissions. That is not how judicially-binding admissions work. *See MacDonald v. General Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997) (holding that an attorney's statements concerning legal conclusions do not "constitute binding judicial admissions"); *Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972) (holding that judicial admissions are limited to factual matters and not a "conception of a legal theory of a case.").

In addition, Plaintiff does not even represent Defendants' argument accurately because even if the Court does not agree that the affirmative defense applies, Plaintiff is still not entitled

to 180 days of employment because he "mutually" agreed with HMC to end his employment effective October 26, 2011.

### 3. § 4302 Does Not Void the Termination Agreement Because Plaintiff Received Every Right or Benefit He Was Entitled To Under USERRA

Plaintiff's Response spends at least five (5) pages arguing that he did not waive his USERRA rights and, even if he did, such a waiver was void under USERRA § 4302(b). (Pl.'s Resp. 6-11.) Defendants have never taken the position that Plaintiff waived any of his USERRA rights. This is because Plaintiff received every USERRA right he was entitled to receive.

As stated above, Plaintiff was not entitled to be reemployed under USERRA because the employment from which he left to be deployed was for a brief, nonrecurrent period with no reasonable expectation that the employment would continue indefinitely or for a significant period. *See* 38 U.S.C. § 4312(d)(1)(C). Despite not being required to do so under USERRA, Defendants reemployed Plaintiff promptly upon his return from service, paid him the same pay and benefits, and returned him to the same job duties. (Pl. Dep. 95-96, Ex. 12.17; Buckner Dep. 69, 139.) This satisfied any obligation Defendants had under §§ 4312 and 4316. Finally, even if entitled to reemployment under USERRA, Plaintiff was not discharged and therefore Defendants did not violate § 4316(c) (which Plaintiff is not even claiming Defendants violated anyway).

USERRA § 4302(b) supersedes a contract only if that contract "reduces, limits, or eliminates" any right provided by USERRA. 38 U.S.C. § 4302(b). As set forth herein and in Defendants' other briefing, neither the Agreement nor the Termination Agreement reduced, limited, or eliminated any USERRA right Plaintiff had because Plaintiff received every USERRA right he was entitled to receive. Thus, neither the Termination Agreement nor the Agreement is superseded by USERRA.

### E. Plaintiff Abandoned § 4311 Discrimination Claim

In Defendants' Memorandum of Law in Support of their Motion for Summary Judgment (ECF No. 25), Defendants argued why their Motion for Summary Judgment should be granted on Plaintiff's USERRA discrimination and retaliation claims. (Defs.' Mem. at 19-22.) However, in Plaintiff's Response, Plaintiff offers no rebuttal to these arguments and does not even brief the discrimination or retaliation claim he asserted in his Complaint.

This Court has specifically held that it "agrees with other courts that have held that a party may abandon claims by failing to address or support them in a response to a motion for summary judgment." *Moates v. Hamilton Cnty.*, 976 F. Supp. 2d 984, 996-97 (E.D. Tenn. 2013) (holding FMLA interference claim abandoned because Plaintiff did not address it in response brief) (Mattice, J.); *see also Clark v. City of Dublin, Ohio,* 178 F. App'x. 522, 524–25 (6th Cir.2006) (finding that, when a plaintiff did not properly respond to arguments asserted by a defendant's motion for summary judgment as to two claims, "the District Court did not err when it found that the Appellant abandoned [those] claims"). By failing to address in his Response the discrimination and retaliation claim he asserted in his Complaint, Plaintiff has abandoned his USERRA discrimination and retaliation claim under § 4311.

### F. Plaintiff Improperly Raises New Discrimination Claim in Response Brief

In Plaintiff's Response, Plaintiff claims that Defendants violated USERRA's anti-discrimination provision, 38 U.S.C. § 4311(a), by failing to pay Plaintiff the difference between his HMC base salary and his military pay while he was deployed.

This Court should ignore this argument. Plaintiff did not allege this claim in his Complaint nor in his Motion for Summary Judgment regarding his discrimination cause of action. (ECF No. 1, 26, 27.) Plaintiff's Response cannot amend his Complaint to assert new theories. *See Renner v. Ford Motor Co.*, 516 F. App'x 498, 504 (6th Cir. 2013) ("It is well-

settled that a plaintiff may not expand its claims to assert new theories in response to summary judgment or on appeal."); *Jocham v. Tuscola Cnty.*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) ("[P]laintiffs may not amend their Complaint through a Response brief."). In fact, the Sixth Circuit has held that it "will not consider claims first raised in response to a summary judgment motion." *City of Columbus, Ohio v. Hotels.com, L.P.*, 693 F.3d 642, 650 (6th Cir. 2012).

Even if the Court considers this argument, it fails. HMC's military leave policy is not a contract. (ECF No. 27-7.) Rather, the Agreement, a legal contract, governed what salary he received at HMC and it did not require HMC to pay Plaintiff for periods of time that he was not rendering services to HMC. The Compensation and Benefits Section provides that Plaintiff only receive compensation for rendering professional medical services to HMC. (Pl. Dep. Ex. 5, §§ 8.1, 8.3.) When Plaintiff was deployed, he was not rendering professional medical services for HMC and therefore was not entitled to HMC compensation. In addition, Plaintiff is excluded from the military leave policy because it does not apply to employees whose employment was for a brief, nonrecurrent period of time.[2] (ECF No. 27-7, § 2.0.) Finally, Plaintiff signed an employee "Handbook Receipt and Acknowledgement" form acknowledging that the employee handbook (and therefore its policies contained therein) "is not contractual in nature" and "may be modified or withdrawn at any time by the facility with or without notice to employees." (Pl. Dep. 53, Ex. 7 (attached).) This military leave policy cannot rewrite the Agreement's unambiguous compensation terms.

---

[2] Contrary to Plaintiff's assertion, § 4311(a) does not provide a right to differential pay. The case Plaintiff cites, *Koehler v. PepsiAmericas, Inc.*, 268 F. App'x 396, 403 (6th Cir. 2008), concerned an employee not subject to a separate employment agreement, unlike Plaintiff. Further, the Sixth Circuit did not explicitly hold that differential pay was a benefit protected by USERRA because Pepsi's counsel at oral argument accepted the district court's finding of a USERRA violation.

### G. Plaintiff's Breach of Contract Argument is Meritless

The Agreement provided that either party could terminate the Agreement with or without cause upon 90-days written notice, or HMC could terminate it immediately with a monetary payment in lieu of notice. (Pl. Dep. Ex. 5, § 10.4.) In Plaintiff's Response, Plaintiff argues that because the Termination Agreement is "void" under USERRA, HMC never gave Plaintiff a 90-day written notice. (Pl.'s Resp. 20-21.)

Plaintiff confuses USERRA and contract law. Even if Plaintiff is correct that USERRA supersedes[3] the Termination Agreement, that only affects Plaintiff's rights under USERRA. It does not affect the parties' rights under the Agreement, which are based on contract law. Under the Agreement, the parties could amend the Agreement in writing. (Pl. Dep. Ex. 5, § 20.) The parties did so by agreeing to the Termination Agreement mutually ending the Agreement effective October 26, 2011. (Pl. Dep. Ex. 11.) Even if the Termination Agreement was not supported by consideration, however, the Termination Agreement satisfied the 90-day written notice requirement under Section 10.4. (Defs.' Mem. at 23-24; Defs.' Resp. at 22-23.) Furthermore, for the reasons stated above, HMC's military leave policy cannot rewrite the Agreement's compensation terms, and the policy did not even apply to Plaintiff given the brief, nonrecurrent nature of his employment. Therefore, Plaintiff's breach of contract claim fails.

### H. Plaintiff Has No Evidence of Willful Conduct in Violation of USERRA

In Plaintiff's Response, he improperly includes a section about why Plaintiff is entitled to liquidated damages under USERRA. (Pl.'s Resp. at 18-20.) This argument is improper for a Response to Defendants' Motion for Summary Judgment because Defendants never made any arguments concerning liquidated damages in their Motion or supporting Memorandum.

---

[3] USERRA § 4302(b) does not "void" anything; rather, if applicable, it "supersedes."

7/3434548.1 - 14 -
Case 4:12-cv-00060-HSM-SKL   Document 33   Filed 06/27/14   Page 14 of 16   PageID #: 906

Nevertheless, Plaintiff has no viable evidence of willfulness. "When there is a good faith dispute regarding the employer's obligation under USERRA, the Sixth Circuit has found no willful violation." *Davis v. Crothall Servs. Group, Inc.*, 961 F. Supp. 2d 716, 736 (W.D. Pa. 2013) (citing *Petty v. Metro. Gov't of Nashville & Davidson Cnty.*, 687 F.3d 710, 722 (6th Cir. 2012)). Such a good faith dispute exists here regarding the extent of Defendants' obligations.

Plaintiff erroneously argues that Defendants' conduct was willful because HMC's employment counsel should have known about Defendants' obligations under USERRA. Likewise, Defendants' decision not to accept Plaintiff's counsel assertions that a violation of their client's rights had occurred is not indicative of willfulness. The Supreme Court has held that a violation of an act is not "willful" simply because an employer "knew of the potential applicability of the [act]." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127-28 (1985) (dismissing "in the picture" standard for ADEA liquidated damages analysis). Moreover, the VETS letter Plaintiff refers to is inadmissible and therefore cannot be considered at all. *See, e.g., Sherman v. Chrysler Corp.*, 47 F. App'x 716, 722 (6th Cir. 2002) ("An EEOC letter of violation is presumptively inadmissible 'because it suggests that preliminarily there is reason to believe that a violation has taken place and therefore results in unfair prejudice to defendant.'") (quoting *Williams v. The Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997)). Plaintiff's counsel assertions to the contrary, the other supposed evidence does not even approach the willful standard Plaintiff must meet. *Thurston*, 469 U.S. at 126 (holding that a violation is willful if an employer "knew or showed reckless disregard" for whether its conduct was prohibited by the statute).

## III. CONCLUSION

For the above reasons, and as stated in Defendants' Memorandum in Support of their Motion for Summary Judgment, Defendants' Motion for Summary Judgment should be granted.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*s/Matthew C. Lonergan*
Matthew C. Lonergan (BPR No. 10798)
John P. Rodgers (BPR No. 30324)
1600 Division Street
Suite 700, P.O. Box 340025
Nashville, Tennessee 37203
P: (615) 252-2322
F: (615) 252-6322
mlonergan@babc.com
jrodgers@babc.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served via the Court's Electronic Case Filing system this the 27th day of June, 2014, upon:

Philip Byrum, Esq.
Evans Harrison Hackett PLLC
One Central Plaza, Suite 800
835 Georgia Avenue
Chattanooga, TN 37402

Shari R. Rhode
Rhode & Jackson, P.C.
1405 West Main Street, P.O. Box 99
Carbondale, IL 62903

*s/Matthew C. Lonergan*
Matthew C. Lonergan